# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**

December 19, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0605** (BOR Appeal No. 2051805)
             (Claim No. 2015031883)

**STEPHEN J. GORSHE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Aimee M. Stern and Denise D. Petino, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Stephen J. Gorshe, by Robert L. Stultz, his attorney, filed a timely response.

The issue on appeal is whether temporary total disability benefits for the period of June 2, 2015, through November 23, 2015, are appropriate. The claims administrator determined they were not appropriate on August 31, 2016. The Office of Judges reversed the claims administrator's decision on January 19, 2017, and held that benefits from June 2, 2015, through November 23, 2015, were appropriate. The Board of Review affirmed the Order of the Office of Judges on June 8, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gorshe, an employee for Murray American Energy, was shoveling on June 1, 2015, when he felt pain in his right shoulder. He reported to Wheeling Hospital Emergency Department and was diagnosed with a right shoulder strain. The physician opined that it was an occupational injury which had aggravated a prior injury and/or disease. The attending physician indicated that he would not miss four or more days of work.

1

Mr. Gorshe was treated by C. Clark Milton, D.O., for the period of June 2, 2015, through February 16, 2016. Mr. Gorshe was initially seen for right shoulder discomfort. He had reported that he was shoveling and throwing material above his shoulder height and had experienced sudden pain in his right shoulder. Mr. Gorshe reported a previous injury in 2002 to his shoulder, which required arthroscopic repair of the rotator cuff. Dr. Milton's impression was acute right shoulder sprain with possible rotator cuff reinjury. Dr. Milton stated that there was clinical evidence of rotator cuff impingement syndrome based upon multifactorial issues including chronic degenerative acromioclavicular disease and recent subacromial bursitis. Dr. Milton noted that an MRI performed on June 6, 2015, had been interpreted as revealing no evidence of a rotator cuff tear. However, possible mild subacromial and subdeltoid bursitis, degenerative disease of the acromioclavicular joint, and irregularity of the labrum were noted. Dr. Milton advised Mr. Gorshe he had multifactorial issues, some of which were degenerative in nature. He suggested injections and physical therapy. He also wanted Mr. Gorshe to work on modified duty. Mr. Gorshe applied for temporary total disability on April 25, 2015, for the period of June 1, 2015, through July 1, 2016.

An MRI revealed no rotator cuff tear. There was possible mild subacromial and subdeltoid bursitis, degenerative disease of the acromioclavicular joint, and irregularity of the labrum. It was suspected by the evaluating physician that much of this was related to chronic degenerative changes. On June 16, 2015, the claims administrator rejected Mr. Gorshe's application for benefits.

On July 30, 2015, Mr. Gorshe was seen by Dr. Milton for right shoulder discomfort. He noted that an MRI of the cervical spine had not yet been approved. Mr. Gorshe had continued physical therapy and reported that he developed increased tightness in the posterior shoulder as the day progressed, pointing to the medial trapezius. On examination, it was noted that Mr. Gorshe sat with his right shoulder elevated. The impression was clinical evidence of a recent strain to the shoulder with impingement and subacromial bursitis, chronic degenerative changes in the acromioclavicular joint as well as the labrum, compensatory paracervical strain involving the trapezius and levator scapula, and there was a request for an imaging of the cervical spine not related to the injury.

On November 23, 2015, D. Marra, M.D., saw Mr. Gorshe and noted that although he continued to complain of right shoulder pain, his cervical issues had disappeared. Dr. Marra commented that physical therapy had not helped Mr. Gorshe, although injections were still an option. Mr. Gorshe represented to Dr. Marra that injections did not help him for a long period of time. Dr. Marra indicated that the last option was surgery. On January 21, 2016, the Office of Judges reversed the claims administrator's denial of the claim and held it compensable for a right shoulder strain.

The Office of Judges determined that Mr. Gorshe was entitled to temporary total disability benefits from June 2, 2015, through November 23, 2015. The Office of Judges noted that it was undisputed that Mr. Gorshe's right shoulder condition was not simply a right shoulder sprain but is the result of many different issues. The Office of Judges pointed out that the period of temporary total disability benefits suggested by Dr. Milton exceed what would normally be

considered a reasonable recovery time for a right shoulder sprain, which is three to six weeks under West Virginia Code of State Rules § 85-20 (2006). However, the Office of Judges justified a departure from the standard because at the time of the injury he was sixty and had a history of right shoulder problems. The Office of Judges supported its position by noting that prior to the injury Mr. Gorshe was able to perform his work activities, whereas after the compensable injury, he was not. Mr. Gorshe was not offered any alternative work within the restrictions proposed by Dr. Milton. The Office of Judges concluded that the benefits should be terminated on November 23, 2015, when Dr. Marra opined that Mr. Gorshe had received little, if any, benefit from physical therapy or injections. Dr. Marra indicated that at that point in time, the only option available to Mr. Gorshe was surgery. Because surgery was not deemed to be a reasonable modality of treatment, the Office of Judges concluded that Mr. Gorshe was at his maximum medical improvement on November 23, 2015, in relation to his right shoulder injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the findings of the Office of Judges as affirmed by the Board of Review. The Office of Judges justified its departure from the treatment guidelines under West Virginia Code of State Rules § 85-20, because he was advanced in age and had previous shoulder issues. Further, the Office of Judges supported its temporary total disability termination date by adopting Dr. Marra's report, which found that other modalities of treatment besides surgery were not of further assistance.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3